IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAYMOND DAKIM HARRIS JOINER,    )
                                )
            Plaintiff,          )
                                )
      v.                        )    1:11CV68
                                )
CAPTAIN MANESS, et al.,         )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge sua sponte. (See Docket Entry dated Dec. 19, 2011.) The case began when Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 2.) In conjunction with the filing of Plaintiff's Complaint, Plaintiff filed a Declaration and Request to Proceed In Forma Pauperis (Docket Entry 1). Said Request was granted by way of Order of United States Magistrate Judge Wallace W. Dixon. (Docket Entry 3 at 2.)

Thereafter, Plaintiff filed a notice of change of address directing service upon him at a residence (rather than at the jail where he was housed at the time the case began). (See Docket Entry 8.) In light of that Notice, on November 8, 2011, the Court, by way of the undersigned United States Magistrate Judge, directed that "Plaintiff . . . must provide an updated *in forma pauperis* application, so that the Court can determine if Plaintiff still qualifies to proceed as a pauper." (Docket Entry 9 at 1-2.) Specifically, the Court ordered "that the Clerk shall send

Plaintiff a new application to proceed as a pauper, that Plaintiff shall file the completed application with the Court on or before December 7, 2011, and that the Clerk shall refer the filed application to the undersigned Magistrate Judge for a determination as to whether Plaintiff may continue to proceed as a pauper." (Id. at 2.) That Order specifically warned: "**FAILURE BY PLAINTIFF TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**" (Id. (capitalization and bolding in original).)

Morever, that Order also directed that "the Clerk shall send plaintiff a summons for each defendant named in the complaint. Plaintiff must fill out a summons for each defendant, including an address suitable for service, and then return the summons(es) to the Clerk." (Id. at 2.) Again, Plaintiff was warned: "Failure to provide an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants after 120 days from the filing of the complaint." (Id. (citing Fed. R. Civ. P. 4(m)).)

Despite the Court's directives and explicit warnings, the record reflects that Plaintiff has neither completed a renewed application to proceed as a pauper nor made service of process on any Defendant as directed by the Court's previous Order. (See Docket Entries dated Nov. 8, 2011, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for

failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, appellant failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action based on Plaintiff's failure to comply with the Court's Orders directing him to complete a renewed application to proceed as a pauper and to complete proper summonses within 120 days, see Fed. R. Civ. P. 4(m).

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Ballard, 882 F.2d at 95. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay caused by Plaintiff's non-compliance prejudices Defendants' right to adjudication when memories remain fresh, Plaintiff has had multiple opportunities to submit a properly-completed application to proceed as a pauper and summonses forms

and has a history of improper litigation conduct in other cases,[1] and no other sanction appears feasible or sufficient.

Moreover, the Court previously warned Plaintiff both that "**FAILURE BY PLAINTIFF TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF**" (Docket Entry 9 at 2) and that "[f]ailure to provide an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants after 120 days from the filing of the complaint" (id.). In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

---

[1] It appears Plaintiff has filed eight other cases with this Court alone. See Joiner v. Barnes, 1:09-cv-00888; Joiner v. Barnes, et al., 1:09-cv-00926; Joiner v. Knott, et al., 1:09-cv-00927; Joiner v. Officer K. Watkins, 1:09-cv-00945; Joiner v. Porcher, et al., 1:10-cv-00823; Joiner v. Mr. Jackson, et al., 1:11-cv-00070; Joiner v. Captain Maness, et al., 1:11-cv-00071; Joiner v. Captain Maness, et al., 1:11-cv-00072. Two of these actions were dismissed for failure to comply with Fed. R. Civ. P. 4(m). See Joiner v. Barnes, et al., 1:09-cv-00926; Joiner v. Knott, et al., 1:09-cv-00927. Two were dismissed "for being frivolous or malicious or for failing to state a claim upon which relief may be granted." Joiner v. Captain Maness, et al., 1:11-cv-00071, Docket Entry 12; Joiner v. Captain Maness, et al., 1:11-cv-00072, Docket Entry 13.

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE.**

                                     /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                **United States Magistrate Judge**

April 18, 2012